IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Kevin Branton, )
)
           Plaintiff, )
) Civil Action No. 5:22-1486-BHH
v. )
) **ORDER**
)
Jonathan Nance, James Bates, and )
Corey Sanders, )
)
)
           Defendants. )
_____)

This matter is before the Court upon Plaintiff Kevin Branton's ("Plaintiff") complaint filed pursuant to 42 U.S.C. § 1983. In September of 2022, Plaintiff's counsel filed a motion to withdraw, which was granted on October 21, 2022. In the motion, Plaintiff's former counsel indicated that Plaintiff had failed to communicate and had failed to keep counsel notified of his whereabouts, leaving counsel unable to locate Plaintiff. In the order granting counsel's motion to withdraw, the Court specifically instructed Plaintiff to respond to the Court in writing by November 4, 2022, and advise whether he wished to proceed this case. The Court's order was sent via certified mail to three addresses provided by Plaintiff's counsel. Of the three addresses, Plaintiff's mail was returned as undeliverable from two of the addresses.

When Plaintiff failed to respond or otherwise attempt to contact the Court regarding this case, United States Magistrate Judge Kaymani D. West issued a Report and Recommendation ("Report"), in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), and recommending that the Court dismiss this case with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure based on Plaintiff's

failure to prosecute.  Attached to the Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy.  On November 28, 2022, the Magistrate Judge's Report was returned as undeliverable, and to date, Plaintiff has made no attempt to update the Court of a current address and has not filed any objections.

     The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

     Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error.  After review, the Court finds no clear error and agrees with the Magistrate Judge's findings and recommendations.  Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 28) and hereby dismisses this action with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure based on Plaintiff's failure

to prosecute.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

December 8, 2022
Charleston, South Carolina